## ROGERS v. RAWLINGS.

(Court of Appeals of District of Columbia.  Submitted April 7, 1924.  Decided May 5, 1924.)

No. 4045.

1. Appeal and error ⊂⇒1058(1)—Rejection of evidence later admitted held not prejudicial error.

Rejection of evidence later admitted *held* not prejudicial error.

2. Vendor and purchaser ⊂⇒229(5)—Knowledge by purchaser of existence of deed of trust not notice of unusual provisions thereof.

Knowledge by purchaser of existence of a deed of trust on premises, purchased under a contract requiring a good record title subject to a trust, and requiring purchaser to lease part of the premises to vendor, *held* not notice of unusual provisions of trust giving control of leasing premises to another.

Appeal from the Supreme Court of the District of Columbia.

Action by Jesse W. Rawlings against Joseph D. Rogers.  Judgment for plaintiff, and defendant appeals.  Affirmed.

William E. Leahy and L. H. Van Doren, both of Washington, D. C., for appellant.

Daniel Thew Wright and Philip Ershler, both of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and MARTIN, Presiding Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice.  Plaintiff, appellee here, recovered a judgment against the defendant, appellant here, for $2,040, of which $1,540 represented a commission on the sale by plaintiff for defendant of certain real estate; the $500 representing a deposit put up by the prospective purchaser with the plaintiff, who refunded the deposit to the purchaser at the request of the defendant.  The facts developed by the evidence are substantially these:

Plaintiff is a real estate agent.  In May of 1920 he was authorized by the defendant to act for him in the sale of defendant's apartment house in this city.  On May 8th plaintiff induced Mr. Felix Lake to sign a contract for the purchase of the property and to make a deposit of $500.  This contract, which was signed by the defendant, provided in part as follows:

"First trust of $30,000, due July 1, 1922, now on property, to be assumed by purchaser.  Good record title or deposit returned.  * * * Examination of title, conveyancing, and recording at cost of purchaser.  * * * It being understood and agreed and made part of this contract that purchaser will lease apartments No. 1 and No. 4 to present owner, Joseph D. Rogers, for one year from date of settlement hereof for $1.540, payable cash in advance."

An examination of the title by a title company disclosed that it was incumbered by a rental agreement, under which Belt, O'Brien & Co. were to have the exclusive right to rent and lease the premises and to collect the rents arising therefrom during the existence of the trust for $30,000, or until July 1, 1922.  Upon learning of this provision,

Mr. Lake refused to accept the property. Finally, early in July Mr. Lake went to plaintiff's office and insisted upon having the property conveyed in accordance with his interpretation of the contract or the return of his deposit. Plaintiff then called defendant on the telephone, and as a result of the conference refunded the deposit to Mr. Lake. There is a conflict in the testimony as to just what was said at that time.

The court, in submitting the case to the jury and after directing attention to the contentions of the two parties, said:

"So that, if you should find from all the evidence in the case that the purchaser was ready, able, and willing to carry out his contract upon the terms set forth in the written agreement—I believe there is no controversy in the case that he was in that situation—and you further find that the sale failed of consummation because of the inability or failure of the defendant to carry out his part of the agreement, then the plaintiff would be entitled to his agreed commission, notwithstanding such default on the part of the owner of the property, unless you should further find that the plaintiff released the defendant from the payment of commission. Taking the testimony and the applicable law of the case, it largely comes down to a question of whether the plaintiff agreed with the defendant that the proposed purchaser be settled with by the return of his $500 and that all commissions of the plaintiff would be waived. The defendant says that is just what happened; the plaintiff denies it, and says he made no such agreement and made no such waiver of the commission. That conflict in the testimony between the contention of the plaintiff, on the one hand, and the contention made by the defendant, on the other, presents an issue of fact which it is not only your province, but it is your duty, to determine, and therefore, if you believe from the evidence that the plaintiff agreed with the defendant, in connection with the settlement made with the proposed purchaser, to waive his commission, then that will dispose of that, and your verdict as to that item and in that event should be for the defendant."

No exception was reserved to the charge, but counsel for defendant did move for a directed verdict at the close of the evidence, on the ground that the evidence showed the purchaser and not the seller had defaulted, "and that because of the evidence submitted the agent is not entitled to his commission." Coupled with this motion was a concession that the defendant was willing to pay the $500.

[1] While defendant was on the stand it was sought to show that, prior to the execution of the contract, he had informed plaintiff on two occasions of the rental provision in the deed of trust to which the contract was subject. Objection to this testimony was sustained by the court. Thereafter plaintiff, testifying in rebuttal, stated that the first information he received about the rental agreement was from the report of the title company. Later defendant was recalled to the stand in surrebuttal and testified in accordance with his prior offer, which had been excluded. The refusal of the court to permit this testimony when first offered is specified as error. Since this testimony actually was given to the jury, we do not perceive wherein defendant was injured. It could have been of no particular importance, in the circumstances, whether defendant's version followed or preceded plaintiff's statement. It finally was received in evidence without reservation.

[2] The second assignment of error raises the question whether knowledge of the existence of the deed of trust charged the purchaser

with knowledge of all its provisions. Having agreed to the return of the deposit because of the coming to light of the so-called rental provision in the deed of trust, defendant is not in a very good position to press this assignment. Assuming the question to be open, we are of the view that the court correctly ruled that the purchaser was within his rights when he demanded the return of his deposit. By the terms of the contract introduced in evidence, the purchaser was informed of the amount and due date of the deed of trust note. At that stage of the transaction he had a right to assume that the provisions of the deed of trust were not materially different from the usual and ordinary provisions of such instruments. The provision in the contract of purchase as to good record title, and the concluding provision requiring the purchaser to lease two apartments to the seller, are inconsistent with the theory that under this contract the purchaser was charged with constructive notice of the unusual terms of the rental agreement in the deed of trust. The purchaser had a right to expect that good record title meant title subject only to a deed of trust for $30,000 with the usual provisions. If the purchaser was to lease to the seller two apartments, it necessarily followed that he was to be without restriction as to the leasing of the other apartments, and yet, under the terms of the deed of trust, the purchaser was to have no control over the leasing of any of the apartments, including, of course, those he obligated himself to lease to the seller.

It results that the judgment must be and it is affirmed, with costs. Affirmed.